UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff/Respondent, § | |
| § | CRIMINAL NO. 6:00-9 |
| v. § | CIVIL NO. 6:19-77 |
| § | |
| SHANE SAENZ, § | |
| Defendant/Movant. § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Shane Sanez filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 15). Pending before the Court is the United States' (the "Government") Motion to Dismiss (D.E. 20), to which Movant has not responded.

## I. BACKGROUND

On July 18, 1996, the 24th Judicial District Court of DeWitt County, Texas sentenced Movant to five years' imprisonment for delivery of a controlled substance (cocaine). He was released on parole on May 20, 1998. Two years later, FBI agents executed a search warrant at Movant's residence and uncovered four weapons, ammunition, and drug paraphernalia. Movant pled guilty to being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and was sentenced to 42 months' imprisonment. Judgment was entered July 14, 2000. Movant did not appeal. His conviction became final on July 24, 2000, the last day to file a timely notice of appeal. FED. R. APP. 4(b)(1)(A)(i) (2000). He filed the current § 2255 motion on August 16, 2019.

## II. MOVANT'S ALLEGATIONS

Movant's § 2255 motion raises two related claims under the Supreme Court's recent decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019): (1) Movant is actually innocent of the

1

offense of conviction because he did not know that possessing ammunition as a convicted felon was a crime, and (2) his guilty plea was unknowing and involuntary because his lawyer advised him that he did not have to know that possessing ammunition as a convicted felon was a crime.

### III. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

### IV. ANALYSIS

#### A. Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f).[2] The Fifth Circuit and

---

2. The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 531–32 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam). Movant's conviction became final on July 24, 2000; thus, the last day to timely file a § 2255 motion was July 24, 2001, unless Movant can show that the Supreme Court's *Rehaif* decision was made retroactive to cases on collateral review. *See* 28 U.S.C. § 2255(f)(3).

### B. *Rehaif v. United States*

18 U.S.C. § 922(g) provides that "[i]t shall be unlawful" for certain individuals to possess firearms, including convicted felons, mentally ill persons found by a court to present a danger to the community, stalkers, harassers, perpetrators of domestic violence, unlawful drug users, and illegal aliens. Section 924(a)(2) adds that anyone who "knowingly violates" § 922(g) shall be fined or imprisoned for up to 10 years. 18 U.S.C. § 924(a)(2). The defendant in *Rehaif v. United States*, 139 S.Ct. 2191 (2019), challenged his conviction under 18 U.S.C. § 924(a)(2) on the grounds that he did not know he was an illegal alien at the time he possessed a firearm.[1] The Supreme Court held:

> The question here concerns the scope of the word "knowingly." Does it mean that the Government must prove that a defendant knew both that he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)? We hold that the word "knowingly" applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must

---

28 U.S.C. § 2255(f).

1. Rehaif entered the United States on a nonimmigrant student visa to attend university, but after he received poor grades, the university dismissed him and told him that his immigration status would be terminated unless he transferred to a different university or left the country. He did neither. After Rehaif later visited a firing range and shot two firearms, the Government prosecuted him for possessing firearms as an alien unlawfully in the United States, in violation of § 922(g) and § 924(a)(2). At the close of trial, the judge instructed the jury (over Rehaif's objection) that the "United States is not required to prove" that Rehaif "knew that he was illegally or unlawfully in the United States." The jury returned a guilty verdict, and Rehaif was sentenced to 18 months' imprisonment. Rehaif appealed, arguing that the judge erred in instructing the jury that it did not need to find that he knew he was in the country unlawfully. The Eleventh Circuit concluded that the jury instruction was correct and affirmed Rehaif's conviction.

show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it.

*Rehaif*, 139 S.Ct. at 2194.

Movant is barred from relief for two reasons: First, "the Supreme Court did not announce a new rule made retroactive in *Rehaif*; rather, *Rehaif* merely interpreted the statute, § 922(g), to require the government to show that the defendant knew he possessed a firearm and that he had the relevant status when he possessed it." *Nixon v. United States*, 2019 WL 6498088, at *3 (N.D. Tex. Dec. 3, 2019) (citing *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (*Rehaif* did not announce a new rule of constitutional law made retroactive to cases on collateral review)). *See also United States v. Benton*, 2020 WL 132276, at *2 (W.D. La. Jan. 9, 2020) ("The Court agrees with the Eleventh Circuit. While Benton filed his § 2255 motion within one year of the issuance of *Rehaif*, the Supreme Court did not announce a new rule of law and make that rule retroactive."). Thus, Movant's *Rehaif* claim is time barred.

Second, *Rehaif* merely held that a defendant must be aware of his relevant status, not that his status made it illegal for him to possess ammunition under § 922(g). *See United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019) ("[I]n a prosecution under § 922(g)(3), the Government arguably must prove that defendants knew they were unlawful users of a controlled substance, but not, as defendants appear to argue, that they knew unlawful users of controlled substances were prohibited from possessing firearms under federal law"). Movant does not claim that he did not know he was a convicted felon, only that he was unaware that possession of ammunition by a convicted felon was a crime.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. §

2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A certificate of appealability (COA) "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As for claims that the court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss (D.E. 20) is **GRANTED**; Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (D.E. 15) is **DENIED**, and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 16th day of March, 2020.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE